### B. LILLARD V. THE STATE.

No. 5704. Decided March 10, 1920.

**Burglary—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence showed that the defendant was found in possession of some of the alleged stolen goods; that the property was taken burglariously from the house without the owner's con_ sent, and the admission of the defendant that he had knowledge of the theft and his effort to suppress the testimony were sufficient to justify the verdict.

Appeal from the District Court of Camp. Tried below before the Hon. J. A. Ward, judge.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. E. Bryson* and *Bass & Engledow,* for appellant.—Cited: Strickland v. State, 78 S. W. Rep., 689; Williams v. State, 70 Texas Crim. Rep., 275, 156 S. W. Rep., 938; Jobe v. State, 72 Texas Crim. Rep., 163, 161 S. W. Rep., 966.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— Cited: Hamilton v. State, 77 Texas Crim. Rep., 143, 177 S. W. Rep., 496; Lewis v. State, 72 Texas Crim. Rep., 377, 162 S. W. Rep., 866; Powers v. State, 72 Texas Crim. Rep., 290, 162 S. W. Rep., 832; Kimball v. State, 71 Texas Crim. Rep., 482 160 S. W. Rep., 380; Davidson v. State, 216 S. W. Rep., 624.

MORROW, JUDGE.—The conviction was for burglary. The charge is that a house occupied by Horace Efurd was entered with the intent to commit the crime of theft. Efurd was in control of the warehouse of the Magnolia Petroleum Company, and from his evidence it appeared that certain cases of oil were missed from this house, and other evidence disclosed that some of this oil was found

in possession of the appellant. There were no private marks upon the cans of oil, but without going into details we think that the evidence was sufficient to identify the oil which the appellant sold as that which the owner lost. The circumstances proved were sufficient, we think, to exclude the hypothesis that the oil might have come from some other locality.

The State introduce a declaration of appellant to the effect that he did not steal the property, but knew who did, and in connection with this statement he offered to pay for the property in order to prevent the prosecuting witness from attending the trial. Assuming that the possession of the stolen property, qualified by this statement introduced by the State, would not establish the connection of the appellant with the burglary, we think there is other evidence to this end. There were two keys which could be used for opening the house. One of these was in Efurd's pocket, he claimed, and the other in a cigar-box in the house. There was some evidence that the house was left open at times, and that appellant on one occasion, some six weeks or two months before the offense was committed, had done some work for the prosecuting witness. The work, however, was not done at the house, but was by way of pumping oil into some tanks. The owner began missing the oil about three weeks before the appellant was arrested, and about the same time missed the key to the house. The particular oil which was found in appellant's possession was taken one or two days before his arrest, and taken, according to the State's testimony, at night when the house was closed and locked. On the trial, evidence was introduced that the prosecuting witness had seen the key since the arrest of appellant and also on the day of the trial, that he first saw it in the hands of Mr. Carpenter, that the sheriff had it, and that he—the witness—had before the arrest told Mr. Mitchell, the constable, that appellant had one of the keys. This the witness said he knew because Mr. Carpenter had told him so.

With this evidence before the jury, they were justified in concluding that appellant was in possession of the stolen key, and this fact, in connection with the proof that the property was taken from the house without the owner's consent at a time when the house had been left locked, its possession by the appellant one or two days after it was stolen, his admission that he had knowledge of the theft, and his effort to suppress the testimony, were sufficient to justify the verdict.

The sufficiency of the evidence is the only question before us. Believing that it supports the verdict, the judgment is affirmed.

*Affirmed.*